UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **FREDRIA M. BERTRAND AND DEVAN J. BRUNET**<br><br>V.<br><br>**SASOL CHEMICALS (USA), LLC** | CIVIL ACTION NO. _____<br><br>JUDGE<br><br>MAGISTRATE |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Sasol Chemicals (USA) LLC ("Sasol") appears for the limited purpose of removing to this Court, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, the state court action described below.[1] In support of removal, Sasol states as follows:

**I.   BACKGROUND**

1.   On August 19, 2020, Plaintiffs, Fredria Bertrand and Devan Brunet ("Plaintiffs"), filed a "Petition for Damages" (the "Petition")[2] against Sasol in the Fourteenth Judicial District Court for and in the Parish of Calcasieu, Louisiana, in the matter styled "*Fredria M. Bertrand and Devan J. Brunet v. Sasol Chemicals (USA), LLC*" (the "State Court Action"), Case No. 2020-3237, Division "F".[3]

---

[1] No waiver of any kind or admission of fact, law, liability, or damages is intended by this Notice of Removal. All defenses, as well as all objections and motions are hereby reserved, including but not limited to all objections and defenses under Rule 12(b) of the Federal Rules of Civil Procedure or any other rules which are or will be applicable to the captioned action.
[2] Attached as **Exhibit A**.
[3] *Id.*

1

2. The Petition's allegations center on Plaintiff, Fredria Bertrand's work at Sasol's facility in Westlake, Louisiana.[4]  Plaintiff alleges that while in the course and scope of his employment, he was exposed to chemicals that resulted in damages.[5]

3. Plaintiffs allege that on August 26, 2019, Plaintiff, Fredria Bertrand was working for ISC at the Sasol facility in Westlake, Louisiana when walking towards a junction box near the S2000 unit he was exposed to unknown chemicals believed to Plaintiffs to be triethyl aluminum.[6]

4. Plaintiffs allege that Sasol was aware of the leak and failed to repair or warn Plaintiff.[7]

5. Plaintiff, Fredria Bertrand seeks unquantified special and general damages. General damages consist of past, present and future pain and suffering.  Special damages consist "primarily of past, present, and future medical expenses; past, present, and future loss of wages and loss of earning capacity; and other expenses incurred as a result of this accident."[8]

6. Plaintiff, Devan J. Brunet seeks damages for loss of consortium.[9]

7. Under 28 U.S.C. § 1446(d), the filing of the Notice of Removal in this Court and the filing of same with the 14th Judicial District Court for and in the Parish of Calcasieu, Louisiana, serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

**II.     BASIS FOR REMOVAL:  28 U.S.C. § 1332(a)(2)**

8. The Court has original jurisdiction over the captioned matter under 28 U.S.C. §

---

[4] *Id*. at ¶¶ 2- 5.
[5] *Id*.
[6] *Id*.
[7] *Id*. at ¶¶ 6-8.
[8] *Id*. at ¶¶ 10-11.
[9] *Id*. at ¶ 12.

1332(a). Removal of the State Court Action to this Court is proper under 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action (1) is between citizens of different states; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. Complete Diversity of all Parties

9. There is complete diversity among the parties.

10. Plaintiffs **Fredria M. Bertrand** and **Devan J. Brunet**, are both citizens of the United States and citizens and domiciliaries of Acadia Parish, State of Louisiana.[10]

11. Defendant, **Sasol Chemicals (USA) LLC**,[11] is a Delaware limited liability company with its principal place of business in Houston, Texas.[12] The sole member of Sasol Chemicals (USA) LLC is Sasol (USA) Corporation.[13] Sasol (USA) Corporation is a Delaware corporation with its principal place of business in Houston, Texas.[14] Therefore, defendant, Sasol Chemicals (USA) LLC is a citizen of Texas and/or Delaware for the purposes of diversity jurisdiction.[15]

### B. Amount in Controversy

12. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. 28 U.S.C. § 1332 provides federal district courts with concurrent original

---

[10] *Id.* at p. 1.
[11] *See* Secretary of State Records attached hereto as **Exhibit B**. *See* Declaration of Kasey B. Shivers attached hereto as **Exhibit C.**
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] "[T]he citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business….").

jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States . . . ."

14. The Fifth Circuit has explained that for purposes of establishing jurisdiction on removal, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

15. Plaintiff Bertrand has alleged injuries and damages that, if true, which Sasol denies, place an amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs. Where the plaintiff has not pled a specific amount of damages, "a court can determine the removal proper if it is facially apparent that the claims are likely above" the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Moreover, the absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient. *Weber v. Stevenson*, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007).

16. As is proper under Louisiana law, the Petition does not quantify an amount of damages. Subsequent to filing the petition, and for the first time on January 27, 2021, Plaintiff Bertrand provided that his damages in this matter exceed $75,000.00, exclusive of costs and interest.[16] On January 27, 2021, Plaintiff Bertrand answered interrogatories that he has sustained past damages of greater than $100,000.00 due to his inability to work the past 17 months.[17]  In

---

[16] **Exhibit D** (January 27, 2021 and January 29, 2021 Responses to Discovery).
[17] *Id*. at p. 9.

addition to lost wages, Plaintiff Bertrand provided on January 27, 2021 that he allegedly incurred $27,262.15 in past medicals.[18] Furthermore, Plaintiff Bertrand has alleged general damages, and future medical and wage loss claims.[19] Finally, on January 29, 2021, Plaintiff Bertrand provided responses to Sasol's Request for Admission that confirmed the amount in controversy as to his claim exceeds $75,000.00 exclusive of interests and costs.[20]

17. While Sasol admits no liability, nor any element of damages, Sasol has met the burden of showing that the amount in controversy of Plaintiff Bertand's claim against Sasol is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

18. In cases with one or more plaintiffs, where one plaintiff's personal injury claims against a defendant meet the amount of controversy requirement for diversity actions, the court can exercise supplemental jurisdiction over other plaintiffs' claims that may not meet jurisdictional amount requirement if all claims form part of same case or controversy and are derived from common nucleus of operative fact. *Carey v. E.I. duPont de Nemours & Co.*, 209 F. Supp. 2d 641 (M.D. La. 2002); *Garza v. National American Ins. Co.*, 807 F.Supp. 1256 (M.D. La. 1992); *Booty v. Shoney's, Inc.,* 872 F.Supp. 1524, 1527 (E.D. La. 1995); *Keys v. Sea-Land Honduras*, 1998 WL 28228, *4 and fn. 31 (E.D. La. 1/20/98); *Thomas, et al. v. Poole, et al.*, 2000 WL 158456, *2-3 (E.D. La., 2/10/00).

19. Plaintiff Brunet has alleged a claim for loss of consortium arising out of same, common nucleus of operative fact as those set forth by Plaintiff Bertand.[21] Therefore, because

---

[18] *Id*. at pp. 21 -121.
[19] **Exhibit A**.
[20] **Exhibit D** at pp. 18-20.
[21] **Exhibit A**.

Plaintiff Brunet's claims arise from the same case or controversy as Plaintiff Bertand, as alleged in the Petition, this Court may exercise supplemental jurisdiction over her loss of consortium claim.

20. Furthermore, Plaintiff Brunet is improperly joined because she has no cause of action for loss of consortium because she was not married to Plaintiff Bertand at the time his alleged injuries were incurred.

### C. Timeliness of Removal

21. A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446 (b)(3) (emphasis added).

22. For the suit to be removable, the initial pleading must "affirmatively reveal on its face" that the plaintiff seeks damages in excess of $75,000. *Chapman v. Powermatic Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The Fifth Circuit has adopted a bright-line rule that the defendant's receipt of the initial pleading only triggers the 30-day window when plaintiff's petition includes "a specific allegation that damages are in excess of the federal jurisdictional amount." *Id*.

23. When the initial pleading does not provide grounds for removal, then the defendant must remove within 30 days from receipt of an "amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

24. This removal is timely because it was filed within 30 days of first notice to Sasol that an individual Plaintiff's (Plaintiff Bertrand) alleged damages exceed the amount in controversy.

25. Because it was not apparent from the face of the petition whether the amount in controversy requirement was met for diversity jurisdiction,[22] Sasol filed exceptions including a dilatory exception of vagueness for Plaintiffs' failure to comply with La. Code Civ. Proc. art. 893.

26. Sasol also propounded jurisdictional discovery and proposed a stipulation on Plaintiffs regarding the amount in controversy.

27. On January 27, 2021, Plaintiffs served Sasol with responsive discovery and pleadings that for the first time allowed Sasol to ascertain that the case was removable under diversity jurisdiction. On January 27, 2021, Plaintiff Bertrand responded to discovery propounded by Sasol and stated his damages in this matter exceed $75,000.00, exclusive of costs and interest. Plaintiff Bertrand provided responses to interrogatories that he has sustained ongoing damages of greater than $100,000.00 due to his inability to work the past 17 months.[23] Furthermore, on the same date, Plaintiff Bertrand provided responses to requests for production and Sasol received information that indicated Plaintiff Bertrand incurred $27,262.15 in medicals to date in regards to the incident.[24] Finally, on January 29, 2021, Plaintiff Bertrand provided responses to Sasol's Requests for Admission that affirmed the amount in controversy exceeds $75,000.00 exclusive of interests and costs.[25]

28. Therefore, this Notice of Removal is timely filed because it was filed within 30 days of Sasol being served with a paper from which it was first ascertained that the case is one which is removable.

---

[22] **Exhibit A**.
[23] **Exhibit D.** at 9 (Plaintiff Discovery Responses of January 27, 2021 and January 29, 2021).
[24] *Id*. at 21-121.
[25] *Id*. at 18-20. *See also*, *e.g.*, *Cook v. Wabash Nat. Trailer Centers, Inc*., No. CIV.A. 03-0955, 2003 WL 21488125, at *2 (E.D. La. June 20, 2003) (Plaintiffs' discovery responses may be used for purposes of determining amount in controversy on removal/remand); *Grace v. Progressive Cas. Ins. Co*., 2019 WL 1110759, at *3 (E.D. La. Mar. 11, 2019) (same).

**D.     Venue**

29.     The United States District Court for the Western District of Louisiana, Lake Charles Division, embraces Calcasieu Parish, the parish in which the State Court Action is pending. Venue is thus proper in this Court under 28 U.S.C. § 1441(a).

**E.     Attachment of All Process, Pleadings, and Orders from the State Court Action**

30.     True and correct copies of all process, pleadings, orders, and other papers or exhibits of every kind on file or purportedly served upon Sasol in the State Court Action are attached to this Notice of Removal as **Exhibit E** as required by 28 U.S.C. § 1446(a).

**F.     Notice to Adverse Parties and the State Court**

31.     Promptly after filing this Notice of Removal, Sasol will give written notice of the Notice of Removal to Plaintiffs, through their attorney of record as required by 28 U.S.C. § 1446(d).

32.     Promptly after filing this Notice of Removal, Sasol will file a copy of the Notice of Removal with the clerk of the 14th Judicial District Court for and in the Parish of Calcasieu, Louisiana, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit F.**

33.     Sasol reserves the right to amend or supplement this Notice of Removal. By filing this Notice of Removal, Sasol reserves all rights regarding any substantive or procedural defenses or objections that may be available under state or federal law.

Respectfully submitted,

**FISHMAN HAYGOOD, LLP**

*/s/ Kerry J. Miller*
**KERRY J. MILLER (#24562), T.A.**
**DANIEL J. DYSART (#33812)**
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Telephone: (504) 556-5549
Facsimile: (504) 310-0275
Email: kmiller@fishmanhaygood.com
Email: ddysart@fishmanhaygood.com

AND

**SIMIEN LAW FIRM**

**MARSHALL J. SIMIEN, JR. (#21377)**
2129 Fitzenreiter Road
Lake Charles, LA 70601
Telephone: (337) 497-0022
Facsimile: (337) 497-0203
Email: marshall@simienlaw.com

*Attorneys for Defendant,*
*Sasol Chemicals (USA) LLC*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on the 18th day of February, 2021, I electronically filed the above pleading with the Clerk of Court via CM/ECF, which will provide electronic notice to all counsel of record.

*/s/ Kerry J. Miller*
**KERRY J. MILLER**