UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**FREDRIA M. BERTRAND ET AL.**          **CASE NO. 2:21-CV-00405**

**VERSUS**                               **JUDGE JAMES D. CAIN, JR.**

**SASOL CHEMICALS USA LLC**             **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 6] filed under Federal Rule of Civil Procedure 12(b)(6) by defendants Sasol Chemicals USA LLC ("Sasol"). Sasol seeks dismissal of plaintiffs' claims on the grounds that it is plaintiff Fredria Bertrand's statutory employer and therefore immune from tort liability under Louisiana law. Plaintiffs oppose the motion. Doc. 6. Sasol has not filed a reply and its time for doing so has passed.

### I.
### BACKGROUND

This suit arises from injuries allegedly suffered by plaintiff Fredria Bertrand, who was employed by ISC Contructors, LLC ("ISC"), as an instrument technician at the Sasol Lake Charles Chemical Complex in Westlake, Louisiana. Doc. 1, att. 1. Bertrand alleges that, while on the job on or about August 26, 2019, he encountered a substance believed to be triethyl aluminum leaking from a hose and was injured by this substance. *Id.* at pp. 3–4. He also alleges that Sasol employees had set up the hose and were aware of the leak but failed to warn others or remedy the situation. *Id.* Accordingly, he and his wife filed suit

against Sasol in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. *Id.* at pp. 3–6.

Sasol removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It now moves for dismissal on the grounds that it is Bertrand's statutory employer and thus immune from tort liability under Louisiana law. Doc. 6. Plaintiffs oppose the motion, arguing that the contract used to show statutory employer status is outside the scope of this court's review under Rule 12(b)(6) and that statutory employer immunity is better suited to summary judgment. Doc. 12.

## II.
## LAW & APPLICATION

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When reviewing such a motion, the court focuses on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also

consider matters of which it may take judicial notice as well as documents referred to in the complaint and central to the plaintiff's claims. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished); *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Sasol's motion relies on its contract with ISC, which was not attached to the complaint. Sasol maintains that the motion is nonetheless reviewable under Rule 12(b)(6) because the contract was attached to a peremptory exception filed by Sasol in the state court, which was pending at the time of removal, and because the contract is central to the complaint. Doc. 6, att. 1. In the alternative, it suggests that the court use Federal Rule of Civil Procedure 12(d) to convert its motion into one for summary judgment in order to review evidence outside of the pleadings. *Id.*

On Sasol's first argument, Federal Rule of Evidence 201 and Fifth Circuit precedent provide that the district court **may** take judicial notice of matters of public record, including state court proceedings. *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994); *Basic Capital Mgmt. Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020). As noted above, however, the focus of Rule 12(b)(6) remains the complaint and its attachments. Sasol asserts that it attached the contract in support of its own peremptory exception of no right of action, which was pending in the state court at the time of removal. Doc. 6, att. 1, p. 8 n. 10. Accordingly, Sasol's desired expansion would allow it to incorporate evidence submitted in support of its own affirmative defenses rather than that selected by plaintiff in support of her factual allegations. The court declines to expand its review under 12(b)(6) in this manner.

On Sasol's second argument, the complaint only provides that plaintiff Bertrand was employed by ISC and that he was working at the Sasol facility as an instrument technician. There are no details on the nature of his work at the facility or how ISC employees came to be engaged there, much less any mention of rights or duties assigned under any contract with Sasol. Additionally, all of plaintiffs' claims arise under state tort law rather than any breach of contract theory. Finally, while Sasol also contends that the relationship is referenced in its peremptory exception, Fifth Circuit case law makes clear that only the complaint and its attachments are to be considered in determining the proper scope. The hints in the complaint at a contractual relationship between Sasol and ISC are too indirect to show that the contract was referenced in, let alone central to, plaintiff's complaint. Accordingly, the motion is only reviewable if the court determines that it should be converted into one for summary judgment.

Conversion of a 12(b)(6) motion to one for summary judgment should only be allowed where the parties have had a reasonable opportunity to present all material that is pertinent to the motion. *Trinity Marine Prods., Inc.*, 812 F.3d at 487. This action was filed in the state court on August 19, 2020. Doc. 1, att. 1. Sasol's peremptory exception of no right of action was filed on December 11, 2020. Doc. 1, att. 5. The state court issued a rule to show cause and set a hearing for January 6, 2021. *Id.* at 27. However, the record contains no response from plaintiffs to the exception and the matter was instead removed to this court on February 18, 2021. Doc. 1. Sasol then filed the instant Motion to Dismiss [doc. 6], reurging the same statutory employer arguments raised in its peremptory exception.

In the meantime, no scheduling conference has taken place. Plaintiffs argue that discovery would allow them to test whether or not Bertrand's work was integral or essential to Sasol's ability to generate goods and services, which serves as one basis for rebutting statutory employer immunity. *See Wright v. Excel Paralubes*, 807 F.3d 730, 732–33 (5th Cir. 2015). The timeline of this case shows that plaintiff has not had a reasonable opportunity to conduct such discovery or present the resulting evidence, and that Sasol's motion is premature. Accordingly, there is no basis for dismissing plaintiffs' claims under Rule 12(b)(6) or converting this matter into a motion for summary judgment and considering the statutory employer arguments on that basis.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 6] will be **DENIED**, without prejudice to Sasol's right to reassert these arguments through appropriate motion once the parties have had adequate opportunity to conduct discovery.

**THUS DONE AND SIGNED** in Chambers on this 17th day of March, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**